U. S. BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF VIRGINIA
1101 Court St., Room 166, Lynchburg, VA 24504
(434) 845-0317

In Re:

LESLIE F. YOWELL

*Debtor(s)*

Case No. 10-61575
Chapter 7

SABR MORTGAGE LOAN 2008-1 REO SUBSIDIARY-1 LLC, AS
ASSIGNEE OF EQUIFIRST CORPORATION

*Plaintiff(s)*

v.

LESLIE F. YOWELL
WILLIAM E. CALLAHAN, JR., TRUSTEE
SCOTT F. PAYNE
SPERRY MARINE FEDERAL CREDIT UNION

Adversary No. 10-06161

*Defendant(s)*

## SUMMONS AND NOTICE OF
## PRE-TRIAL CONFERENCE

To the above-named defendant(s):

You are hereby summoned and required to serve upon Matthew D. Huebschman, Esq., P. O. Box 75, Roanoke, VA 2402, either a motion or an answer to the complaint which is now served upon you.

If you elect to respond first by motion, as you may pursuant to Bankruptcy Rule 7012, that rule governs the time within which your answer must be served. Otherwise, you are required to serve your answer upon Plaintiff's attorney within 30 days of the date of issuance of this summons by the clerk except that the United States, or an office or agency thereof, shall serve an answer to the complaint within 35 days after the date of issuance of the summons unless otherwise directed below.

The motion or answer served by you must be filed with this court either before service or within a reasonable time after service. IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS SUMMONS, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED BY THE COMPLAINANT.

ALL DOCUMENTS REGARDING THIS MATTER MUST BE IDENTIFIED BY BOTH ADVERSARY AND BANKRUPTCY CASE NUMBERS.

**YOU ARE HEREBY NOTIFIED THAT A PRE-TRIAL CONFERENCE WITH RESPECT TO THIS COMPLAINT HAS BEEN SET FOR: February 14, 2011 at 9:30 a.m., AT Room 200, U. S. Courthouse, 255 W. Main Street, Charlottesville, VA 22902.**

JOHN W. L. CRAIG, II, Clerk

Date of issuance: 12/20/10

spcl.frm

BK 116
(8/96)

Adversary Proceeding No. 10-06161

# CERTIFICATION OF SERVICE

I, MATTHEW HUEBSCHMAN, ESQ of ** Shenandoah Legal Group P.C. certify:

That I am, and at all times hereinafter mentioned, was more than 18 years of age;
That on the 4th day of January, 2011, I served a copy of the within Summons and Notice of Trial {or Pretrial Conference}, together with the complaint filed in the proceeding, on:

William E. Callahan, Jr.
    Trustee for Scott Payne

Leslie F. Yowell

Scott E. Payne

Sperry Marine Federal Credit Union

the defendant(s) in this proceeding, by {describe here the mode of service}:

the said defendant(s) at:

William E. Callahan, Jr.
    Trustee for Scott E. Payne
1800 Drawer 1200
Roanoke VA 24006

Leslie Yowell
211 Beechwood Lane
Palmyra, Virginia 22963

Scott F. Payne
211 Beechwood Lane
Palmyra, Virginia 22963

Sperry Marine Federal Credit Union
    Serve: Hal Wenk, Chief Executive Officer
120 Seminole Court
Charlottesville, VA 22901

I certify under penalty of perjury that the foregoing is true and correct.

Executed on 1/4/11
{Date}    {Signature}

**State mailing address

csa.frm

# THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
1101 Court Street, Room 166, Lynchburg, VA 24504
(434) 845-0317

12/20/10

Matthew D. Huebschman, Esq.
Shenandoah Legal Group, P.C.
P. O. Box 75
Roanoke, VA 24002

RE:    SERVICE OF PROCESS OF SUMMONS AND COMPLAINT

Dear Mr. Huebschman:

Pursuant to the Complaint filed by you in accordance with **Bankruptcy Rule 7001,** the Summons and Notice of Trial (or Pretrial) is to be served by you on each of the defendants, pursuant to **Bankruptcy Rule 7004.**

**NOTE: The Summons and Notice will not be sent by regular mail to electronic users. Electronic users should print a copy of the Summons from the Notice of Electronic Filing for issuance of service.**

The Summons and Complaint should be served forthwith, and certified mail, return receipt, is acceptable under **Bankruptcy Rule 7004.** Upon return of the receipt showing service by mail, the receipt should be filed in this office as evidence of service.

It is incumbent upon counsel to see that proper service of process is made. In the event the mail certification does not show proper service, then it is advisable to have additional service made in person so that there will be no question that service of process has been duly made in this case.

AT THE DIRECTION OF THE COURT

/s/ John W. L. Craig, II, Clerk
JOHN W. L. CRAIG, II, Clerk

apml.frm